1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC MACHORRO and TAMARA
TORRES-TORRES,

             Plaintiff,

    v.

PROGRESSIVE HOME ADVANTAGE,

             Defendant.

CASE NO. 2:23-cv-00653-JHC

ORDER

Defendant removed this action based on diversity jurisdiction.  Dkt. # 1.  In its notice of removal, Defendant states that "Plaintiffs are *residents* of King County, and at all times material hereto maintained their principal place of *residence* in King County, Washington."  *Id.* (emphasis added).  But diversity jurisdiction is based on the *citizenship* of the parties, not their *residences*. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Plaintiffs' complaint and Pfizer's notice of removal both state that Plaintiffs were 'residents' of California.  But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.").  While the two concepts often overlap, they are not coextensive.  *See id.* ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Within fourteen (14) days, the parties are ORDERED to show cause regarding this Court's jurisdiction.  The parties shall submit briefs no longer than three (3) pages in length explaining whether (or not) diversity jurisdiction exists.

Dated this 28th day of June, 2023.

John H. Chun
United States District Judge

ORDER - 2