1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

ERIC MACHORRO and TAMARA
TORRES-TORRES,

CASE NO. 2:23-cv-00653-JHC

9

Plaintiffs,

ORDER

10

v.

11

PROGRESSIVE HOME ADVANTAGE,

12

13

Defendant.

14

15

On June 28, 2023, this Court issued an order to show cause to confirm the existence of

16

subject matter jurisdiction.  Dkt. # 9.  The Court requested briefing from the parties about the

17

citizenship of Plaintiffs.  *Id*.  The Court sought to confirm that Plaintiffs are *citizens* of

18

Washington, not merely *residents* of Washington.  *Id.*  The parties provided the requested

19

briefing.  Dkt. ## 11, 12.

20

The Court is satisfied that it has subject matter jurisdiction.

21

Plaintiffs are citizens of Washington.  "To be a citizen of a state, a natural person must

22

first be a citizen of the United States."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th

23

Cir. 2001).  "The natural person's state citizenship is then determined by her state of domicile,

24

not her state of residence.  A person's domicile is her permanent home, where she resides with

ORDER - 1

the intention to remain or to which she intends to return." *Id.*  As Defendant explains, Plaintiffs are citizens of Washington because they "are citizens of the United States, and they are domiciled in the State of Washington where they reside with the intent to remain."  Dkt. # 12 at 2.  Plaintiffs do not dispute that they are citizens of Washington; nor do Plaintiffs dispute that they were citizens of Washington throughout the entirety of this litigation, including when the case commenced and when the case was removed.  *See* generally Dkt. # 11.  They reside in Washington (as they state in their complaint *see* Dkt. # 1-2 at 2), do not dispute that they intend to remain in Washington, and do not dispute that they are United States citizens.  *See generally* Dkt. # 11.

Defendant is not a citizen of Washington but is instead a citizen of Wisconsin and Massachusetts.  *See* Dkt. # 12 at 2 (describing its state of incorporation and principal place of business as Wisconsin and Massachusetts, respectively).  So there is complete diversity between the parties.  And the amount-in-controversy exceeds $75,000.  Dkt. # 1 at 3.  The Court has diversity-based subject matter jurisdiction under 28 U.S.C. § 1332.

Plaintiff says that Defendant failed to "properly" remove the case.  Dkt. # 11 at 2.  So they "do not oppose remanding this matter" to state court.[1]  *Id.*  But the case was properly removed: At all times during this action, the parties were completely diverse and the amount-in-controversy requirement was satisfied.  *See Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 695–96 (9th Cir. 2005) ("Diversity jurisdiction is based on the status of the parties at the outset of the case.").  As the Court noted in its prior order, Dkt. # 9, Defendant incorrectly described Plaintiffs' "residency" in its removal filings when it should have described Plaintiffs' *citizenship*. This mistake in terminology does not mean that the Court lacked (or currently lacks) subject

---

[1] Plaintiffs do not actually request that the case be remanded.

ORDER - 2

matter jurisdiction.  In its response to the Court's order, Defendant confirmed that Plaintiffs are Washington citizens.  Dkt. # 12.  Plaintiffs have not suggested otherwise, despite having had an opportunity to do so.  *See generally* Dkt. # 11.  To the extent that Defendant's notice of removal was lacking, it "could potentially have cured its defective allegations regarding citizenship by amending its notice of removal."  *Kanter*, 265 F.3d at 858;[2] *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").  This is not a jurisdictional defect requiring remand, but a defect in the description of jurisdiction.  The Court construes Defendant's response (Dkt. # 12) as an amendment to the notice of removal, asserting the citizenship—rather than residency—of Plaintiffs.  *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) ("The district court did not err in construing Petsmart's opposition [brief] as an amendment to its notice of removal."); *Geerlof v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02175-MCE-KJ, 2014 WL 1415974, at *4–5 (E.D. Cal. Apr. 14, 2014) (construing later filing as supplementing notice of removal).

Accordingly, the Court is satisfied that it has subject matter jurisdiction based on diversity of citizenship between the parties.  This case is properly in federal court.

Dated this 13th day of July, 2023.

John H. Chun
United States District Judge

---

[2] As in this case, the plaintiffs in *Kanter* did not actually dispute the citizenship of the parties, but instead criticized the defendants' notice of removal for the use of "residency" as opposed to "citizenship." *Kanter*, 265 F.3d at 858.  But the Ninth Circuit found that this did not amount to an "actual defect of federal jurisdiction," but rather a mistake that could be cured by amendment (though the court found other defects in the notice that required remand).  *Id.* (quoting *Jacobs v. Patent Enforcement Fund, Inc.,* 230 F.3d 565, 568 n.3 (2d Cir. 2000)).